UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAD LAMAR KING,<br><br>          Plaintiff,<br><br>     v.<br><br>E. MACAY, et al.,<br><br>          Defendants. | Case No. 21-cv-08309-DMR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INTRA-DISTRICT VENUE TRANSFER** |

Plaintiff, a state prisoner, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 as well as a motion for leave to proceed *in forma pauperis* ("IFP"). He has consented to magistrate judge jurisdiction. Dkt. 6.

Plaintiff's motion for leave to proceed IFP will be granted in a separate written Order.

Before the court is Plaintiff's motion for an intra-district venue transfer in this action, presumably pursuant to Northern District of California Local Rule 3-2(h). Dkt. 5. He claims that the case should proceed in the San Jose Division of the Northern District of California, which has "proper jurisdiction." *Id.* at 1.

Although Local Rule 3-2(h) generally permits intra-district venue transfers for the convenience of parties and witnesses, such permission is subject to the provisions of the court's Assignment Plan, which is found in General Order 44. The court's Assignment Plan prohibits an intra-district venue transfer in this case. *See* N. D. Cal. Gen. Order 44. Specifically, the court's Assignment Plan requires district-wide assignment of certain cases, including prisoner cases, and provides that "[t]hese cases shall not be reassigned on the basis of intra-district venue." *Id.* § D.3.

Accordingly, Plaintiff's motion for an intra-district venue transfer is DENIED. Dkt. 5. The court will review Plaintiff's complaint in a separate written Order.

1    This Order terminates Docket No. 5.
2    IT IS SO ORDERED.
3    Dated: December 9, 2021

_____
DONNA M. RYU
United States Magistrate Judge